# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Meredith Washington Reese, | ) | Case No.: 06-04144-BGC-13 |
| | ) | |
| Debtor. | ) | |
| | | |
| Meredith Washington Reese, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 06-00198 |
| | ) | |
| Auto Credit Finance, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The matters before the Court are:

1. A <u>Complaint for Turnover of Property of the Estate</u> filed on October 20, 2006, by the Plaintiff-Debtor;

2. A <u>Motion for Preliminary Injunctive Relief and To Compel Turnover of Property of the Estate</u> filed on October 20, 2006, by the Plaintiff-Debtor; and

3. A <u>Motion for Temporary Restraining Order and Expedited Hearing</u> filed on October 20, 2006, by the Plaintiff-Debtor.

After notice, a hearing was held on November 9, 2006. Appearing were: the Plaintiff-debtor; Paula Greenway for the Plaintiff-debtor; Tommy Tucker for the Defendant; and a representative for the Defendant.

### I. Findings of Fact

The facts necessary to decide these matters are not disputed.

The debtor purchased a 2002 Hyundai Accent automobile financed by the defendant Auto Credit Finance. In exchange, the debtor granted the defendant a

security interest in the automobile. The defendant holds a perfected lien on the automobile.

When the debtor failed to make all of the payments required under the parties' contract, the defendant repossessed the automobile on October 20, 2006. The defendant has agreed not to dispose of the vehicle pending a ruling from this Court.

The debtor filed the pending Chapter 13 case on October 21, 2006. In her Chapter 13 plan, the debtor proposes to pay the defendant the full balance of the debt on the automobile, which is about $7,432. The debtor proposes to pay 10% interest on that debt. While the debtor also proposes to make adequate protection payments to the defendant of $75.00 per month until confirmation of the debtor's plan, the debtor proposes not to begin post-confirmation payments on this debt until April 2007.[1]

The debtor seeks a restraining order against the defendant to prevent the defendant from selling the automobile. The debtor also seeks a mandatory injunction against the defendant requiring the defendant to return the automobile.

## II. Conclusions of Law

At the hearing on these matters, the parties agreed that the Court could consider the hearing as one to decide the issue of a preliminary injunction and bypass the intervening request for a temporary restraining order.

## A. Injunctive Relief

Injunctive relief is provided for by Rule 65 of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure.

Writing for the Court of Appeals for the Eleventh Circuit in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue a preliminary injunction pursuant to Rule 65. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:

---

[1] At the hearing on these matters debtor's counsel represented that the debtor was willing to amend her plan to pay the full amount due at the contract rate of interest and also begin payments at confirmation.

2

Case 06-00198-BGC   Doc 10   Filed 11/27/06   Entered 11/27/06 13:01:17   Desc Main
Document      Page 2 of 11

> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).

All four of the above requirements must be met before a preliminary injunction may be entered. As discussed below, this Court finds as a matter of law, there is not a substantial likelihood of the debtor's success on the merits, therefore, the debtor is not entitled to the injunctive relief requested.

### B. Bankruptcy Relief

Bankruptcy relief is provided through Section 542(a) of the Bankruptcy Code. That section provides that anyone:

> in possession, custody, or control, during the case, of <u>property that the trustee may use, sell, or lease under section 363 of this title</u>, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a)(emphasis added). And according to 11 U.S.C. § 363(b)(1), the trustee in bankruptcy may only "use, sell or lease ... <u>property of the bankruptcy estate</u>." Id. (emphasis added). Consequently, this debtor may recover her automobile from the defendant pursuant to section 542(a) of the Bankruptcy Code <u>only if the automobile is property of her bankruptcy estate</u>. In this case, that may occur only if the automobile is property of the estate by virtue of the bankruptcy filing or because the debtor has exercised a post-repossession, state law, right of redemption. As is discussed below, this Court finds that neither has occurred. Consequently, the debtor is not entitled to return of the automobile.

## C. Substantive Law

### 1. In Alabama, an automobile repossessed before the filing of a bankruptcy case does not automatically become property of the bankruptcy estate at the time of the bankruptcy filing

In <u>Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)</u>, 137 F.3d 1280 (11th Cir. 1998), the Court of Appeals for the Eleventh Circuit held that under Alabama law, a secured party, upon repossession of an automobile, acquires both title to and the right to possession of the automobile and the automobile's purchaser retains only a statutory right of redemption under Code of Ala. 1975, § 7-9-506. In <u>Lewis</u>, the court concluded that while such a right to redeem the automobile would become property of a bankruptcy estate, the automobile itself does not. And because the automobile does not, following repossession prior to bankruptcy (without subsequent redemption), the automobile is not subject to turnover under section 542(a). Writing for the court, Chief Judge Joseph W. Hatchett explained:

> We are not convinced, however, that the mere existence of the estate's ability to redeem the automobile renders the automobile itself "property of the estate," at least to the extent that it should be turned over pursuant to 11 U.S.C. § 542(a). In accordance with state law, one must take certain affirmative steps to change the otherwise dormant right to redeem repossessed collateral into a meaningful ownership interest. **As relevant to this case, the trustee had to "tender[ ] fulfillment of all [secured] obligations" plus expenses to exercise the estate's right of redemption. Ala. Code § 7-9-506**; cf. <u>Commercial Federal</u>, 85 F.3d at 1557, 1558, 1561 (reversing the bankruptcy court's denial of the mortgagee's motion for relief from the automatic stay where the debtor filed a Chapter 13 petition after the foreclosure sale and the plan proposed simply to reinstate his mortgage payments, and holding that Alabama's statutory right of redemption "cannot be modified under a Chapter 13 plan, and ... must be exercised as dictated under Alabama law by making a lump sum payment within one year of the foreclosure sale that includes the principal, interest and other charges under the mortgage"). But cf. <u>National City Bank v. Elliott (In re Elliott)</u>, 214 B.R. 148, 150, 152-53 (Bankr. 6th Cir.1997) (affirming the bankruptcy court's order to turn over a automobile where the confirmed Chapter 13 plan provided for "payments over the life of the plan" to the secured creditor, even though the debtor lacked title or possession and Ohio's redemption statute mirrored that of Alabama's). At the time of their adversary proceeding, the Lewises' proposed Chapter 13 plan merely tendered to Hall Motors sixty-two cents on the dollar in return for Elgin Lewis's

continued use of the automobile. **Such proposal offered no indication to Hall Motors that the estate had chosen to exercise its right of redemption, that is, to "fulfill" Elgin Lewis's secured obligation plus expenses in accordance with Alabama law. See Ala. Code § 7- 9-506**. Nor could the Lewises plausibly convince us that the proposal adequately protected Hall Motors's ownership and possessory interests in the automobile. See 11 U.S.C.A. § 363(e); Capital Factors, 1 F.3d at 1160. Accordingly, we hold that the Lewises' bankruptcy estate's only interest in the repossessed automobile--a bare right of redemption--failed to render the automobile "property of the estate" under 11 U.S.C. § 541(a)(1) and subject to turn-over under 11 U.S.C. § 542(a).

137 F.3d at 1284-1285 (emphasis added.)

Notwithstanding that the Alabama Code section relied on by the Circuit Court in Lewis, that is section 7-9-506, has been replaced, as discussed below, this Court finds that the holding in Lewis is still controlling in this Court.[2]

Section 7-9-506 provided:

> At any time before the secured party has disposed of collateral or entered into a contract for its disposition under Section 7-9-504 or before the obligation has been discharged under Section 7-9-505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by **tendering fulfillment** of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.

Code of Ala. 1975, § 7-9-506 (emphasis added).

The section that replaced section 7-9-506, section 7-9A-623 provides:

(a)   Persons that may redeem. A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral.

---

[2] In 2002, the Court of Appeals for the Eleventh Circuit applied the In re Lewis analysis in In re Kalter, 292 F.3d 1350 (11th Cir. 2002), a Florida bankruptcy case.

In 2003, the same court applied the Lewis analysis in In re Rozier, 348 F.3d 1305 (11th Cir. 2003), a Georgia bankruptcy case.

5

(b) Requirements for redemption. To redeem collateral, a person shall **tender:**

**(1)** **fulfillment** of all obligations secured by the collateral; and

(2) the reasonable expenses and attorney's fees described in Section 7-9A-615(a)(1).

(c) When redemption may occur. A redemption may occur at any time before a secured party:

(1) has collected collateral under Section 7-9A-607;

(2) has disposed of collateral or entered into a contract for its disposition under Section 7-9A-610; or

(3) has accepted collateral in full or partial satisfaction of the obligation it secures under Section 7-9A-622.

Code of Ala. 1975 § 7-9A-623. This Court believes that these sections have the same basic requirements, and for the purposes of the matter before this Court, they are the same.

## 2. In Alabama, an automobile repossessed before a bankruptcy filing does not become property of the bankruptcy estate unless the debtor exercises the state law right of redemption

As noted above, while the Circuit Court in Lewis held that a debtor's automobile does not become property of the estate, that Court did hold that a debtor's statutory right to redeem the automobile in accordance with Code of Ala. 1975, § 7-9-506, does. Lewis at 1284. Therefore if this debtor exercises that right in accordance with Alabama's redemption statute, she would be entitled to bring her automobile into her bankruptcy estate as estate property.

As Judge Hatchett's opinion indicates, and as is discussed below, the key to determining whether a debtor has exercised the right of redemption lies in the interpretation of the phrases "tendering fulfillment" or "tender fulfillment." Therefore, the key to the resolution of the matters before this Court is the meaning of the phrase "tender fulfillment." Fortunately, that meaning is easily ascertainable, whether it is taken from section 7-9-506 or section 7-9A-623.

The meaning of the phrase "tendering fulfillment" as explained in the "Official Comment" to section 7-9-506 was, "'Tendering fulfillment' obviously means more than a

6

new promise to perform the existing promise; it requires payment in full of all monetary obligations then due and performance of all other obligations then matured." Official Comment to Code of Ala. 1975, § 7-9-506.[3] The comment, along with the statute, explain further that an unconditional, immediate, present payment in cash of the entire debt secured by the repossessed collateral, plus the expenses of retaking, holding and preparing the collateral for sale, in arranging for the sale, and, if provided for in the security agreement, reasonable attorneys' fees and legal expenses, is necessary to satisfy the "tendering fulfillment" requirement of section 7-9-506. The same is true when considered under replacement section 7-9A-623.[4]

---

[3] While the official comments to the Uniform Commercial Code are not controlling as an absolute expression of legislative intent, they are a "valuable aid" in the construction of code provisions. Simmons v. Clemco Industries, 368 So.2d 509, 514 (Ala. 1979). The Court of Appeals for the Eleventh Circuit has employed the official comments to the Uniform Commercial Code to interpret Alabama law, see Leasing Service Corp. v. Hobbs Equipment Co., 894 F.2d 1287, 1290 (11th Cir.1990); as have Alabama's appellate courts. See Forsetry Equipment Co. of Alabama, Inc. v. Orix Credit Alliance, Inc., 619 So.2d 1350, 1355-1356 (Ala. 1993); Transamerica Commercial Fin. Corp. v. Union Bank & Trust Co., 584 So.2d 1299, 1303 (Ala. 1991); Wilson v. World Omni Leasing, Inc., 540 So.2d 713, 716 (Ala. 1989); Skelton v. Druid City Hospital Board, 459 So.2d 818, 821 (Ala. 1984); Lapeyhouse Grain Corp. v. Tallant, 439 So.2d 105, 108 (Ala. 1983); First Alabama Bank of Montgomery v. Parsons, 426 So.2d 416, 418 (Ala. 1982); Day v. Ray E. Friedman & Co., 395 So.2d 54, 57 (Ala. 1981); Massey-Ferguson Credit Corp. v. Wells Motor Co., 374 So.2d 319, 321-322 (Ala. 1979); Loeb & Co. v. Martin, 295 Ala.262, 267, 327 So.2d 711, 715 (Ala. 1976); Robertson v. Blalock, 514 So.2d 1037, 1038 (Ala. Civ. App. 1987), cert. denied, 514 So.2d 1039 (Ala. 1987); McCord v. State, 501 So.2d 520, 524 (Ala. Crim. App. 1986); First Alabama Bank of Guntersville v. Hunt, 402 So.2d 992, 994 (Ala. Civ. App. 1981), cert. denied, 402 So.2d 995 (Ala. 1981); Holsonback v. First State Bank of Albertville, 394 So.2d 381, 383 (Ala. Civ. App. 1981), 394 So.2d 384 (Ala. 1981).

Similarly, official comments have been accorded substantial weight in interpreting provisions of the Uniform Commercial Code in other jurisdictions. Thunder Basin Coal Co. v. Southwestern Public Service Co., 104 F.3d 1205, 1213 (10th Cir. 1997); In re Bristol Associates, Inc., 505 F.2d 1056, 1958 n.2 (3rd Cir. 1974); Omaha Pollution Control Corp. v. Carver-Greenfield Corp., 413 F. Supp. 1069, 1087 n.4 (D. Neb. 1976); Brace v. United States (In re Brace), 163 B.R. 274, 278 (Bankr. W.D. Pa. 1994); ABM Escrow Closing and Consulting, Inc. v. Matanuska Maid, Inc., 659 P.2d 1170, 1172 (Alaska 1983); Roswell Bank v. Atlanta Utility Works, Inc., 255 S.E.2d 124, 125 (Ga. Ct. App. 1979); Carlund Corp. v. Crown Center Redevelopment, 849 S.W.2d 647, 650 (Mo. Ct. App. 1993); Gardner Zemke Co. v. Dunham Bush, Inc., 850 P.2d 319, 324 n.2 (N.M. 1993); Davis v. Suggs, 460 N.E.2d 665, 667 (Ohio Ct. App. 1983); B & W Glass, Inc. v. Weather Shield Mfg., Inc., 829 P.2d 809, 816 (Wyo. 1992).

[4] The pertinent part of the Official Comment to the replacement section 7-9A-623 reads:

1. Source. Former Section 9-506.

Many jurisdictions have interpreted "tender fulfillment" the same as this Court.[5]

> 2. Redemption Right. Under this section, as under former Section 9-506, the debtor or another secured party may redeem collateral as long as the secured party has not collected (Section 9-607), disposed of or contracted for the disposition of (Section 9-610), or accepted (Section 9-620) the collateral. Although this section generally follows former Section 9-506, it extends the right of redemption to holders of nonconsensual liens. <u>To redeem the collateral a person must tender fulfillment of all obligations secured, plus certain expenses</u>. If the entire balance of a secured obligation has been accelerated, it would be necessary to tender the entire balance. <u>A tender of fulfillment obviously means more than a new promise to perform an existing promise. It requires payment in full of all monetary obligations then due and performance in full of all other obligations then matured</u>. If unmatured secured obligations remain, the security interest continues to secure them (i.e., as if there had been no default).

Official Comment to Code of Ala. 1975 § 7-9A-623 (emphasis added). As is evident, the comments have the same meaning.

---

[5] This Court wrote in <u>In re Warren</u>, 221 B.R. 843 (Bankr. N.D. Ala. 1998): "'Tendering fulfillment' requires an actual, present, unconditional, physical production of payment, and a mere willingness, readiness, or proposition to pay is not enough." <u>Task Enterprises, Inc. v. Pratt Adjustment Co.</u>, 695 P.2d 762, 763 (Colo. Ct. App. 1984)("tendering fulfillment" did not occur where debtor proposed to pay the secured party the total amount due if he were allowed to inspect the vehicle; conditional tender does not satisfy "tendering fulfillment" requirement). "To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough." <u>Southfork Investments Group, Inc. v. Williams</u>, 706 So.2d 75, 79 (Fla. Ct. App. 1998)(debtor's attempt to redeem was not effective where purported tender consisted of a letter to secured party's attorney informing him of debtor's "intention to redeem" and advising that debtor had deposited the sums owed under the obligation secured by the collateral in his attorneys' trust account and stating that the debtor was "willing" to pay all of the secured party's reasonable legal expenses and costs "after presentment of proper affidavits as to fees and costs, and review by an appropriate judicial official"). "[A]ctual production of the subject matter of the tender--in this case, the money or its equivalent--is a reasonable threshold requirement ..." of an effective tender. <u>Telcoe Credit Union v. Eackles</u>, 732 S.W.2d 477, 479 (Ark. 1987)(where debtor verbally told secured party that she would pay the amount due on the secured loan, and debtor's attorney wrote a letter advising the secured party that the debtor was "ready, willing and able" to tender the amount owed on the secured loan, but debtor never tendered the actual cash or a check to satisfy the amount owed, "tendering fulfillment" requirement was not satisfied). "'Tender is an offer to perform a condition or obligation coupled with the present ability of immediate performance, so that were it not for the refusal of cooperation by the party to whom tender is made the condition or obligation would be immediately satisfied. There must be an unconditional offer to perform, coupled with a manifested ability to carry out the offer, and a production of the subject matter of the tender ...'" <u>Id</u>. at 478, quoting <u>Cook v. Talbert</u>, 216 Ark. 370, 373, 225 S.W.2d 682, 684 (1950).

8

And this Court adopts that interpretation for purposes of the pending matter and this Court finds that the same interpretation should be given to "tender fulfillment" in the replacement section 7-9A-623. As such, this Court finds that <u>Lewis</u> is still controlling in this Circuit and this Court should apply it here.

Consequently, the only remaining issue here, as it was in <u>Lewis</u>, is whether the debtor's Chapter 13 proposal is an exercise of her redemption right, thus entitling her to relief under the Bankruptcy Code's turnover provisions.

### 3. The debtor has not exercised her Code of Ala. 1975, § 7-9-506 state law right of redemption

As stated above, in her Chapter 13 plan, the debtor proposes to pay the defendant the full balance of the debt on the automobile, which is about $7,432. The debtor proposes to pay 10% interest on that debt. While the debtor also proposes to make adequate protection payments to the defendant of $75.00 per month until confirmation of the debtor's plan, the debtor proposes not to begin post-confirmation payments on this debt until April 2007.

And as noted above, at the hearing on these matters debtor's counsel represented that the debtor was willing to amend her plan to pay the full amount due at the contract rate of interest and also begin payments at confirmation.

As discussed below, this Court cannot find that either proposal satisfies the requirements of Alabama's redemption statute. In that regard, this Court reaches the result reached in <u>Lewis</u>, that is the debtor's Chapter 13 proposal does not qualify as an exercise of her state law right of redemption. In support of that conclusion, the Court finds that:

---

See also <u>Voutiritsas v. Intercounty Title Co. of Illinois</u>, 664 N.E.2d 170, 180 (Ill. Ct. App. 1996)(where plaintiffs never deposited any money with either the defendant or the court, letter sent by plaintiffs' attorneys to defendant stating that plaintiffs "might consider tendering" $609,223.83 plus a $98,000 service fee to redeem did not satisfy "tendering fulfillment requirement); <u>White v. Associates Commercial Corp.</u>, 725 S.W.2d 7, 9 (Ark. Ct. App. 1987)(where secured party provided the debtor with figures for the payoff amount and with the dates through which those figures would remain good, and amount due would increase at the expiration of each time period as another month's interest was added, and debtor failed to tender the payoff amount until after the second expiration date, at which time the tendered amount was no longer correct, debtor's tender was insufficient); <u>Rogers v. Associates Commercial Corp.</u>, 632 P.2d 1002, 1006 (Ariz. Ct. App. 1981)(when acceleration occurs or is declared in accordance with the terms of a security agreement prior to a tender by the debtor of the amounts in default, debtor must tender payment of the accelerated balance, plus expenses, to satisfy "tendering fulfillment" requirement).

<u>Id</u>. at 847 n.3.

1. The debtor's plan constitutes a promise, commitment, or proposal to pay over a period of time, rather than an immediate present payment;

2. The debtor's plan does not include any provisions for repossession expenses and legal expenses; and

3. The debtor proposes to possess, and use, the automobile before redemption is effectuated.

The above reasons taken together, although any one is sufficient to disqualify this debtor's proposal, is clear justification for this Court to find that the debtor has not, through her plan or otherwise, properly exercised her statutory right of redemption and therefore she is not entitled to any of the benefits that such an exercise bestows.[6] On that basis, this Court concludes that this debtor's automobile is not property of her bankruptcy estate and thus section 542(a), by its terms, does not mandate the return of the automobile.[7]

---

[6] Is a debtor's proposal to pay 100% of the obligation secured by an automobile, plus repossession and legal expenses, sufficient to satisfy the "tendering fulfillment" requirement? The argument can be made that the Court's specific finding in Lewis that the debtor's 62% plan did not satisfy the "tendering fulfillment" requirement leaves open the possibility that a Chapter 13 plan which proposes payment in full of a secured obligation, plus expenses, albeit over time, might satisfy that requirement. However, this Court believes that such a conclusion would run afoul of the circuit court's previous decision in Commercial Fed. Mortgage Corp. v. Smith (In re Smith), 85 F.3d 1555 (11th Cir. 1996), and would ignore Judge Hatchett's reference to Smith in the sentence immediately preceding the statement regarding the inadequacy of the debtor's 62% plan. In Smith, the court held that the Chapter 13 debtor could not, subsequent to foreclosure, exercise his statutory right to redeem real property, under Alabama law, by proposing to reinstate his present mortgage payments and pay his mortgage arrearage over time, because the Alabama redemption statute requires, for redemption of real property, that a mortgagee make a lump sum payment of all amounts due under the mortgage to the mortgagor within a year after foreclosure. According to the court in Smith, while the debtor's right to redeem real property is property of his bankruptcy estate, the debtor's attributes in that property, including the manner in which he exercises that property right, is defined by state law, and since Alabama law requires a lump sum payment within the year after foreclosure, redemption cannot accomplished in another fashion through Chapter 13. "This right [of redemption] cannot be modified under a Chapter 13 plan, and it must be exercised as dictated under Alabama law by making a lump sum payment within one year of the foreclosure sale that includes the principal, interest, and other charges under the mortgage." 85 F.3d at 1561(parenthetical added). Likewise, allowing the redemption of an automobile over time, by periodic payments, through a Chapter 13 plan, but all after repossession of that automobile, would constitute an impermissible modification of section 7-9-506's "tendering fulfillment" requirement; a result which is forbidden by the holding in Smith.

[7] See this Court's opinion in In re Warren, 221 B.R. 843 (Bankr. N.D. Ala. 1998) from which much of this order is taken.

10

### III. Conclusion

In conformity with the decision in <u>Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)</u>, 137 F.3d 1280 (11th Cir. 1998), still applicable in this Circuit, this Court concludes that because the repossession of the debtor's automobile occurred before the debtor filed her bankruptcy petition, the debtor's automobile is not property of her bankruptcy estate. Similarly, because the debtor has subsequently failed to exercised her right to redeem the automobile, the automobile remains outside of her estate. Consequently, the automobile is not subject to turnover pursuant to section 542(a).

In regard to the debtor's request for injunctive relief, as stated above, all four of the listed requirements for injunctive relief must be met before an injunction may be granted. As this Court's conclusions on the issue of whether the debtor's automobile is property of this bankruptcy estate demonstrate, the first requirement for an injunction, that is, there is, "a substantial likelihood of [the debtor's] success on the merits" cannot be satisfied. Therefore, the debtor is not entitled to the injunctive relief requested.

A separate order will be entered in accordance with this memorandum opinion.

Done this the 27th day of November, 2006.

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

11